UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUESTRIAN ESTATES LTD. PARTNERSHIP, et al.,

        Plaintiffs,

v.

JAFFE, RAITT, HEUER & WEISS, P.C., et al.,

        Defendants.

Case number 06-11262
Honorable Julian Abele Cook, Jr.

ORDER

On March 24, 2006, the Plaintiffs, Equestrian Estates LTD and Equestrian Estates II, filed a Complaint, in which they charged each of the Defendants[1] with a variety of wrongful acts, all of which relate to a parcel of unimproved real estate (totaling 227 acres of land) in Springfield Township, Michigan.[2] On April 14, 2006, one of the Defendants, Lawrence Dudek, filed a motion to dismiss the Complaint, citing the absence of jurisdiction as the basis for his request for relief.

For the reasons that are stated below, the Court will (1) grant Dudek's motion to dismiss and (2) *sua sponte* dismiss the balance of the Complaint against the remaining Defendants.

---

[1] The Defendants have been identified as Jaffe Raitt Heuer & Weiss, PC; IRA Jaffe; Jason Horton; Sharon LaDuke; Lawrence Dudek; Howard Schwartz; Diversified Properties Group LLC; Redico Management, Inc.; and John Does, Agents, Associates and Attorneys to be added when known.

[2] The wrongful conduct, about which the Plaintiffs have complained, is as follows: Violation of the U.S. Constitution; Due Process; Equal Protection; 42 U.S.C. § 1983; Fraudulent Conveyance; Quiet Title; Slander of Title; Tortious Interference with Business Relationship; Abuse of Process; Intentional Infliction of Emotional Distress; Fraud; Breach of Fiduciary Duty; Civil Racketeering, 18 U.S.C. § 1961; Racketeering Conspiracy, 18 U.S.C. § 1961(d).

On March 13, 2006, in the related matter of *Equestrian Estates et al. v. Jaffe* (Case No. 06-11034), this Court, *sua sponte*, dismissed the Complaint involving the same parties and facts which relate to this lawsuit for jurisdictional reasons.[3]  Notwithstanding this decision and eschewing the prescribed procedural avenues of federal appellate review, the Plaintiffs elected to file another lawsuit eleven days later (March 24, 2006), in which the same allegations and factual assertions were leveled against the same Defendants, all of whom had been the subject of the March 13th Order of dismissal. By virtue of the "blind-draw" selection method that was utilized by this District, the Plaintiffs' claims were assigned to another judge for case management. However, acting upon the Local Rule,[4] which had been promulgated to (1) address the application of "companion cases" within this District, (2) promote an effective, economical and efficient administration of justice, and (3) prevent potential litigants from engaging in "judge shopping," the judicial officer, to whom the March 24th case had been assigned, ultimately reassigned the litigation to this Court.[5]

After a review of the official record in this instant matter, it appears that the Plaintiffs have

---

[3]In its Order of March 13, 2006, this Court noted that "[o]n February 7, 2005, in the related matter of *Lawrence Coleman v. Jason Horton et al.*, 05-73200, this Court dismissed a complaint, which parallels the Complaint and facts surrounding the instant matter against Jason Horton, et al. for lack of jurisdiction. . . . Insofar as the instant matter resolves around the same allegations and facts as in *Coleman v. Horton* the Court concludes that the Plaintiff's Complaint must be, and is, dismissed for want of jurisdiction . . . ."

[4]The Local Rule, E.D. Mich. LR 83.11(b)(7)(A), states, in pertinent part, that [c]ompanion cases are those cases in which it appears that . . . (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence.  Cases may be companion even though one of them may have already been terminated."

[5]The March 24th litigation was initially assigned to Judge Denise Page Hood, who reassigned it to Judge Arthur J. Tarnow on April 11, 2006.  On June 22, 2006, Judge Tarnow reassigned the case to this Court.

merely attempted to evade the effect of the Order of March 13, 2006 by submitting their claims to a different judge. Therefore and insofar as the instant matter resolves around the same allegations and set of facts as in the case that was dismissed on March 13, 2006, the Court concludes that this Complaint must be, and is, dismissed for lack of jurisdiction.[6]

Accordingly, the Court (1) grants Deduk's motion to dismiss and (2) *sua sponte* dismisses the balance of the Plaintiffs' allegations within their Complaint against the remaining Defendants.

IT IS SO ORDERED.


Dated:  September 29, 2006            s/ Julian Abele Cook, Jr.
        Detroit, Michigan             JULIAN ABELE COOK, JR.
                                      United States District Court Judge



Certificate of Service

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk

---

[6] It should also be noted that Equestrian Estates LTD and Equestrian Estates II's Response to the Defendant's motion to dismiss neglects to set forth arguments not previously considered by this Court.